IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | CR  04-0112 PHX JAT |
| v. | ) | CIV 05-2583 PHX JAT (ECV) |
| LAZARO MORALES RENTERIA, | ) | REPORT AND RECOMMENDATION |
| Defendant/Movant. | ) | |

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Lazaro Morales Renteria ("Movant") is currently incarcerated in a federal prison facility in California, pursuant to his conviction by the United States District Court for the District of Arizona. On August 26, 2005, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). Respondent filed a Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") on October 17, 2005 (Docket No. 128).

**I.   Procedural History**

On March 31, 2004, Movant was charged by a superceding indictment with conspiracy to harbor illegal aliens, harboring illegal aliens, conspiracy to commit hostage-taking, and aiding and abeting the taking of hostages. See Docket No. 49 (2:04 CR 0112-2 PHX JAT).

On April 5, 2004, pursuant to a plea agreement, Movant pled guilty to one count of conspiracy to harbor illegal aliens in violation of 8 U.S.C. § 1324. Response, Exh. A; Docket No. 55 (2:04 CR 0112-2 PHX JAT). The plea agreement provides that Movant would receive a sentence within the range specified in the United States Sentencing Guidelines for Movant's offense of conviction. See Response, Exh. A. Movant conceded, in the plea agreement, that an enhancement of his base offense level was warranted to reflect that a firearm was involved in the commission of this offense. See id., Exh. A.[1]

The plea agreement states that the maximum statutory penalty for violation of 8 U.S.C. § 1324 is ten years imprisonment. Id., Exh. A; 8 U.S.C. § 1324(a)(1)(B).[2] The plea agreement also provided that Movant was, by pleading guilty, waiving any right to appeal or collaterally attack his conviction and sentence if the sentence imposed was consistent with the terms of the plea agreement. Id.

The plea agreement provides, inter alia:

> The defendant waives any and all motions, defenses, probable cause determinations, and

---

[1] Paragraph 2(c) of the plea agreement states:

Pursuant to Fed. R. Crim P. 11(c)(1)(C), the parties stipulate and agree, that with respect to the guidelines offense characteristic considered in section 2L1.1(b)(4), possession of a dangerous weapon, an enhancement should be given as a weapon was brandished or otherwise used in relation to harboring aliens in furtherance of the conspiracy.

Response, Exh. A at 3.

[2] If the aliens were harbored for the purpose of commercial advantage or private financial gain, the maximum statutory penalty for this offense is ten years; if done for other motives, the maximum statutory penalty for this offense is five years. See 8 U.S.C. § 1324(a)(1)(B).

-2-

> objections which the defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

Id., Exh. A at 3-4.

The plea agreement also provided that the other five charges against Movant stated in the superseding indictment would be dismissed. Id., Exh. A at 3.

The plea agreement was signed by both Movant and his counsel on April 5, 2004. Id. Movant averred that he had read the plea agreement, discussed it with his counsel, and understood the rights he was ceding, stating:

> I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range....
> My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its

-3-

>provision....
>I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.
>I am satisfied that my defense attorney has represented me in a competent manner....
>I have carefully reviewed every part of [this agreement] with my attorney. I understand it, and I voluntarily agree to it.

<u>Id.</u>, Exh. A at 12-13.

>The plea agreement also states:
>
>I further agree that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:
>Beginning at a time prior to January 4, 2004, and up to and including the date of my arrest, I was involved in an organization that smuggled illegal aliens from Mexico across the border into Arizona. I was paid for my efforts on behalf of the organization. I, along with my co-defendants and others, agreed that we would harbor aliens within the District of Arizona. On the day I was arrested, I and my co-defendants were keeping 3 undocumented aliens at 1001 N. 43rd Avenue, #189 in Phoenix...

<u>Id.</u>, Exh. A at 7.

Movant's presentence report indicates that Movant never saw a weapon and that Movant was "unsure" if a weapon was used in the commission of his offense. <u>Id.</u>, Exh. B. The presentence report calculated Movant's base offense level as 12, then increased the base offense level by 8 levels to reflect that a firearm was involved in the offense, and then decreased the offense level by three levels for Movant's acceptance of responsibility for his acts, resulting in a base offense level of 17. <u>See</u> <u>id.</u>, Exh. B. Combining Movant's base offense level

of 17 and his criminal history score of 1 resulted in a sentencing range of 24 to 30 months imprisonment. See id., Exh. B.[3] The presentence report recommended Movant be sentenced to a term of 27 months imprisonment. See id., Exh. B. The presentence report indicates that, if Movant were to proceed to trial and was found guilty of each of the charges stated in the indictment, Movant faced a potential sentence of 235 months in prison, or a possible maximum sentence of life imprisonment. See id., Exh. B.

On August 9, 2004, Movant was sentenced to a term of 27 months imprisonment pursuant to his conviction for conspiracy to harbor illegal aliens in violation of 8 U.S.C. § 1324. See id., Exh. C.

Movant did not file a direct appeal regarding his conviction and sentence. On August 26, 2005, Movant filed his section 2255 petition, asserting that he is entitled to relief because Movant was actually innocent of the charge of possession of a weapon and, therefore, that his sentence was improperly enhanced based on this allegation; Movant further asserts that his presentence report was inaccurate and Movant told his counsel that the presentence report was inaccurate.

Movant further contends that he is entitled to relief because he was deprived of his right to the effective assistance of counsel. Movant contends his counsel

> failed to properly investigate or I would not have been saddled with the bogus gun enhancement. Also counsel failed to explain

---

[3] The presentence report that Movant's only conviction as an adult was for shoplifting in 2003. See Response, Exh. B.

-5-

>we ha[]d a good defense as the Snitch (informant) produced biased hearsay to save his own hide....instead of getting my case dismissed counsel coerced me into pleading saying I'd get worse and I "had no choice". Counsel did as little as possible to get me in here, case adjudicated. Attorney had conflicting interests.

Motion at 5.

Movant further asserts that he is entitled to relief because it was never proved that Movant was the person accused of the alleged crime or the person convicted of the prior convictions alleged against Movant and because the charges against Movant were "bogus." Id., App.[4] Movant further contends that his guilty plea was unknowing and involuntary, and that his counsel was ineffective for "failing to present potentially mitigating evidence." Id., App.

---

[4] An affidavit attached to the section 2255 motions states:
1. Phoenix police and I.C.E. police wearing ski masks broke into a home and beat five of us up.
2. They filmed this and broke one guys jaw, beat us all up bad, all while filming us being beaten.
3. Three (3) people were let go.
4. Myself, and another of the five (5) people beaten was incarcerated.
5. I was told I needed to plead guilty and was very afraid I would be beaten badly again if I tried to go to trial.
6. At an entirely different location the police and I.C.E. police acting in concert busted another guy who was also let go.
7. That guy had a gun and both myself and the other guy who is in here, our sentences were enhanced by a gun that I never touched, nor used nor had a single thing to do with.
8. The P.S.R./P.S.I. report unlawfully enhanced my sentence from a base level of 12 to a level of 20, an 8 point upward departure over a gun I had 0 to do with.
9. The gun was a false charge, not an element in my crime yet I do an enhanced and unconstitutional sentence over it.
10. This is very unfair, unjust, unconstitutional, arbitrary, capricious and therefore all unlawful.
11. How can justice allow my incarceration as a result of an ugly filmed unlawful beating? I am multiply punished unlawfully.

## II. Discussion

**A. Respondent contends that the section 2255 motion must be denied because Movant waived his right to appeal or collaterally attack his conviction and sentence.**

The plea agreement signed by Movant expressly waived his right to raise on appeal or collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. See Docket No. 94 (2:04 CR 0112-2 PHX JAT). As stated supra, the plea agreement provides:

> Except as expressly provided for elsewhere in this agreement, defendant waives the right to withdraw from the plea agreement and agrees to be sentenced according to its terms. Defendant hereby waives any right to appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement....

The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., Movant received a sentence of 27 months imprisonment. The sentence was in accordance with the plea agreement and, therefore, Movant waived his right to collaterally attack his conviction and sentence. Because Movant waived his rights to bring this action, the section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction

and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).[5]

However, some federal courts have concluded that a plea agreement which waives the right to file a direct appeal or a section 2255 motion is not enforceable if the waiver was involuntary or if the defendant's counsel was ineffective in negotiating the agreement. See, e.g., Jeronimo, 398 F.3d at 1156 (concluding that the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002); United States v.

---

[5] In Williams, the Eleventh Circuit states:

> [E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. See United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), cert. denied, 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000)... We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

396 F.3d at 1342.

Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001) (concluding that a collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, stating: "Such agreements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000). Because Movant asserts that his counsel was ineffective and implies that he did not knowingly and voluntarily enter into the agreement, the Court will discuss the merits of these contentions.

### B. Voluntariness of plea agreement

To determine the validity of a guilty plea, the Court must ascertain whether the plea represented a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366 (1985).

In the plea agreement itself and at the proceeding regarding entry of the guilty plea, Movant was informed that, by entering the plea agreement, he was giving up his right to appeal his conviction and sentence and to collaterally attack his conviction and sentence. Response, Exh. D. Movant indicated at those times that he knew he was relinquishing these rights by entering the plea agreement. Id., Exh. D. When Movant entered his guilty plea, the Court concluded that Movant was knowingly and voluntarily entering a guilty plea, and that

Movant was competent to enter that plea. Id., Exh. D.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) ("a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). The Court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary. See United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984). Because Movant was adequately informed of the consequences of his plea, his guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). Because Movant stated at the time of his guilty plea that the plea was knowing and voluntary, the Court concludes that the plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986). See also United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity").

**C. Movant asserts he is entitled to relief because he was deprived of the effective assistance of counsel.**

Movant asserts that he was deprived of his right to the effective assistance of counsel.

A defendant who enters a guilty plea on the advice of

-10-

counsel may attack the voluntary and intelligent character of the plea by showing that counsel acted incompetently by advising defendant to accept the plea. See Jeronimo, 398 F.3d at 1156 n.4[6]; Shah v. United States, 878 F.2d 1156, 1156 (9th Cir. 1989). To establish that counsel was ineffective during plea proceedings, the two-part test stated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984) is applied. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. The defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys and that, but for counsel's advice, he would not have pleaded guilty. Id., 474 U.S. at 58-59, 106 S. Ct. at 369-70; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Movant stated in his plea agreement and at the hearing regarding the entry of his guilty plea that he was satisfied with his counsel's representation. Additionally, given the strength of the case against Movant and the number of felonies on which Movant was indicted, it is unlikely that Movant would have gone to trial and risked the imposition of a guidelines

---

[6] "We leave open the possibility that [the defendant] might raise his ineffective assistance argument on federal habeas procedure, through a § 2255 motion, notwithstanding that [his] appeal waiver covered 'all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.'
Although a defendant may waive the statutory right to file a § 2255 petition 'challenging the length of his sentence,' we do not decide whether such language would necessarily encompass a claim challenging the knowing and voluntary nature of the plea agreement (and accompanying waiver of § 2255 rights). Further, we do not decide whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance claim implicating the voluntariness of the waiver itself."

sentencing range of 235 to 293 months in prison, or a possible life sentence if convicted on all of the charges,[7] rather than entering a guilty plea providing for a maximum sentence of approximately 2 years imprisonment. The plea agreement resulted in the dismissal of five other charges for which Movant was indicted and provided that the prosecution would recommend both a downward departure from, and a reduction in, the applicable sentencing guideline range.

The plea agreement was beneficial to Movant because, had he gone to trial and been convicted of all of the counts in the indictment, Movant's term of imprisonment was likely to be much greater than the 2 years imposed by the Court. Therefore, Movant's counsel was not incompetent for recommending that Movant accept the terms of the plea agreement. Accordingly, Movant offers no reason why, but for counsel's advice, he would have rejected the plea agreement and proceeded to trial.

Movant has not averred how counsel's advice to accept the plea agreement was deficient nor has Movant established a reasonable probability that, but for his counsel's advice, he would have proceeded to trial. Therefore, Movant is not entitled to relief pursuant to section 2255 on the basis of his claim that he was deprived of the ineffective assistance of counsel in his plea proceedings.

### III. Conclusion

Movant waived his right to collaterally attack his sentence in a plea agreement and, therefore, the Court may

---

[7] See Response, Exh. B at 12.

dismiss this action without addressing the merits of Movant's claims for relief. Additionally, Movant has not established that his plea agreement was unknowingly or involuntarily made, and Movant has not established that he was deprived of the effective assistance of counsel in his plea proceedings, rendering his plea agreement unknowing or involuntary.

**IT IS THEREFORE RECOMMENDED** that Mr. Morales Renteria's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of

1  fact and conclusions of law in an order or judgment entered
2  pursuant to the recommendation of the Magistrate Judge.
3       DATED this 8th day of December, 2005.

_____
Edward C. Voss
United States Magistrate Judge

-14-